El Pueblo, Demandante y Apelante, *v.* A. Hartman & Cía. y la Comisión de Riego, Demandados y Apelados.

Apelación procedente de la Corte de Distrito de San Juan, Sección Primera, contra acuerdo de la Comisión de Riego.

No. 2037.—Resuelto en enero 26, 1920.

Riego—Presunción de Certeza de las Tasaciones—Prueba Insuficiente.— La presunción contenida en la sección 10ª. de la Ley No. 128 de agosto 8, 1913, de que las tasaciones hechas por la Comisión del Riego al formar el distrito definitivo del riego serían consideradas *prima facie* como verídicas y correctas, no puede ser destruída con la declaración de un testigo que se limita a exponer una opinión suya sin que se conozca la capacidad con que la hace.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Howard L. Kern, Attorney General, Salvador Mestre y R. H. Todd, Jr.*

Abogado de los apelados: *Sr. Tomás Bernardini.*

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

De acuerdo con una ley especial El Pueblo de Puerto Rico, representado por su Procurador General, estableció ante la Sección 1ª. de la Corte de Distrito de San Juan apelación contra A. Hartman y Cía. y contra la Comisión de Riego por una concesión de agua que la última hizo a dicha sociedad por estimar el apelante que la concesión hecha era excesiva.   La apelación fué vista y fallada habiendo decidido la expresada corte el caso que tratamos en contra de la apelación de El Pueblo de Puerto Rico quien entonces interpuso el presente recurso de apelación para ante este Tribunal Supremo.

Al contestar A. Hartman y Cía. el alegato escrito que en apoyo de su recurso nos presentó el apelante, alegó en primer término que la apelación debía ser desestimada por varios motivos.

Como por el juicio que hemos formado de este caso tendremos que confirmar la sentencia apelada, preferimos resolver la apelación por sus méritos y prescindir de la petición de desestimación toda vez que no resultaría perjuicio para la apelada A. Hartman y Cía., y con mayor razón cuanto que la petición de sobreseimiento no ha sido hecha de acuerdo con la regla 62 de las de este Tribunal Supremo, en moción anterior a la vista de la apelación.   Examinaremos, sin embargo, el motivo en que se ataca nuestra jurisdicción para conocer de esta apelación que se funda en que la corte inferior carecía de ella para conocer del caso porque El Pueblo de Puerto Rico estableció la apelación después de los noventa días que con tal objeto concede la sección décima de la Ley No. 128, de 8 de agosto de 1913, por haberla radicado en la corte inferior el 26 de septiembre de 1917, cuando había transcurrido dicho plazo contado desde el 31 de julio de 1917 en que quedó constituído el distrito permanente de riego y cuya apelación fué notificada a A. Hartman y Compañía el 18 de octubre de 1917, según manifiesta el apelado en su alegato.   En la exposición del caso se consigna también

que el distrito permanente de regadío quedó constituído el 31 de julio de 1917.

Ni para el 26 de septiembre, ni para el 18 de octubre, ambos de 1917, habían transcurrido noventa días contados desde el 31 de julio de 1917 y por tanto habiendo sido establecida la apelación ante la corte inferior dentro del término legal adquirió jurisdicción para resolverla y la tenemos nosotros para decidir este recurso.

Alegó la parte apelante en su escrito presentado en la corte inferior interponiendo apelación contra la resolución de la Comisión de Riego y contra A. Hartman y Cía. que ésta era dueña de una concesión de agua que fué dada en primer término a don Juan Vives de la Rosa por el Gobierno Español en 1851 para regar parte de una finca de 487.81 cuerdas, concesión que fué cedida en 1908 por A. Hartman y Cía. a El Pueblo de Puerto Rico cuando estaba en estudio el sistema de riego y que se incluyó por la Comisión de Riego en el distrito provisional dándole crédito para recibir 885 acres pies de agua por año para regar 221.25 acres libres de contribución de agua; que al fijar la Comisión de Riego el distrito permanente aumentó el crédito que había concedido a esa sociedad a 1,020.48 acres pies para regar libre de contribución de agua 255.12 acres, aumento que no estima justo ni equitativo por la razón de que el agua que utilizaba A. Hartman y Cía. por la concesión que tenía se medía en la toma del canal en el mismo río mientras que ahora el agua se entrega por el servicio del riego sobre los mismos terrenos, dando esto por resultado que dicha sociedad no tenga que incurrir en gastos para la reparación del canal como tampoco en pérdidas de agua por la filtración y evaporación en el mismo, hecho que ha debido tomar en consideración la Comisión de Riego, y que entiende que el valor que se dió a la concesión al quedar terminado el distrito provisional fué el justo y equitativo.

Para sostener esa alegación el apelante presentó en la

corte inferior como única prueba la declaración de James E. Giles quien testificó que conoce la hacienda "Reunión" radicada en el barrio de Jobos, de Guayama, perteneciente a A. Hartman y Cía. quien tenía una concesión para riego que le fué cedida a El Pueblo de Puerto Rico; que 307 cuerdas de esa finca fueron incluídas en el distrito permanente del riego; que la Comisión del Riego reconoció a A. Hartman y Cía. crédito para regar 239 cuerdas con 70 centésimas; que para el distrito provisional le fué reconocido crédito para regar 163 cuerdas; que considera que el valor que se fijó para el distrito provisional es el justo y razonable porque esta agua se entrega ahora dentro de la finca y antes era medida en la toma del canal lo que trae por consecuencia que no se pierda agua por filtración o evaporación entre el río y la finca y, además, el agua que ha de distribuir el sistema del riego será uniformemente distribuída, lo que reporta beneficio a A. Hartman y Cía. porque antes recibía mucha agua cuando estaba lloviendo y poca cuando no llovía, y que considera que el único crédito que le debe ser reconocido es el de 163 acres, o sea el que le fué reconocido al quedar constituído el distrito provisional.

La vista de la apelación se celebró en la corte inferior sin la asistencia de A. Hartman y Cía.

Dejando a un lado la diferencia que existe entre la declaración de este testigo y lo manifestado en el escrito interponiendo la apelación ante la corte inferior en cuanto al número de acres que forman la hacienda "Reunión", en cuanto al número de cuerdas cuyo regadío se le concedió y también en cuanto a la cantidad de acres pies de agua que le fueron dados por el distrito provisional y luego por el permanente, llegamos de todos modos a la conclusión de que la corte *a quo* no cometió error al dictar su sentencia en este caso porque la declaración del testigo que fué presentado para justificar la apelación no prueba el hecho en que se basa de que la concesión que hizo la Comisión del Riego al formar el dis-

trito definitivo del riego fué excesiva, pues dicho testigo se limita a sostener una opinión suya, sin que conozcamos la capacidad en que la hace y sin expresar los datos en que se funda para ella, pues el solo hecho de que el apelado recibiera antes el agua en el canal del río y ahora en su finca no es por si solo bastante para poder declarar que la cantidad de agua que podía evaporarse y filtrarse en dicho canal justifique la rebaja que pide el apelante. Según la sección 10 de la ley antes citada "en la determinación de los terrenos que hayan de incluirse en el distrito permanente de regadío y del valor de los derechos o concesiones de agua cedidos en conexión con el mismo, y de la base para el cómputo de créditos sobre las medidas a cuenta de dicho valor, la tasación de la mencionada Comisión del Riego será considerada *prima facie* veridica y correcta"; presunción que no ha destruído el apelante con la declaración de su testigo porque la creencia que ha expresado no desvirtúa la justicia del crédito concedido al apelado ni demuestra que haya otra base mejor, más exacta y más justa que la que tuvo en cuenta la Comisión del Riego.

La sentencia recurrida debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.